**Bobby Joe FAIRROW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–02–00522–CR.**

Court of Appeals of Texas, Dallas.

July 31, 2003.

---

Lawrence B. Mitchell, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Karen R. Wise, Assistant District Attorney, Dallas, for the State.

Before Justices BRIDGES, O'NEILL, and FRANCIS.

## OPINION

Opinion By Justice FRANCIS.

After a jury convicted Bobby Joe Fairrow of the third-degree felony offense of theft, the trial court imposed an enhanced sentence of eighteen years in the state penitentiary. In a single issue, appellant contends the sentence assessed by the trial court was outside the range of punishment allowed by law and is therefore illegal. Because we agree that appellant did not receive proper notice of the intent to enhance his punishment with a prior conviction, we affirm the conviction but reverse and remand for a new hearing on punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2003).

Fairrow was indicted for the offense of theft of a truck tractor and trailer of a value of at least $20,000 but less than $100,000, a third-degree felony carrying a punishment range of two to ten years in the penitentiary and an optional fine not to exceed $10,000. *See* TEX. PEN.CODE ANN. §§ 12.34(a), 31.03(e)(5) (Vernon 2003). The indictment did not contain punishment enhancement paragraphs. On March 1, 2002, the State filed a document entitled "Notice of Extraneous Offenses," indicating that the notice had been mailed to counsel for appellant. The notice referred to two prior convictions for felony theft, included cause numbers, the dates of convictions, the property stolen (truck tractors and a trailer), and expressed the State's intent to offer those extraneous offenses into evidence at trial.

On March 4, 2002, the day of trial, appellant was arraigned and entered a plea of not guilty. The trial court then addressed appellant's election as to punishment and informed appellant for the first time that he was subject to enhanced punishment. The following colloquy constituted the pretrial "notice" of the *trial court's* intent to enhance punishment:

> MR. BYCK [DEFENSE COUNSEL]: Your honor, prior to the commencement of the proceedings, may we have on the record that Mr. Fairrow has entered his plea of not guilty, as is his absolute right, and further elected to go to Court for punishment, as is his further absolute right. I'd like the record to reflect that Mr. Fairrow and I have discussed this matter several times, that we have discussed his prior convictions, none of which have been used for enhancement purposes at this time, but all of which have been made known to me by the State in a timely manner. These convictions are theft offenses where Mr. Fairrow was convicted of like offenses, that is, thefts of trucks and trailers.
>
> The District Attorney as of last Thursday had made an offer of two years in the Texas Department of Cor-

rections, along with credit for all Mr. Fairrow's back time which is an extensive period, about six months. I discussed this with Mr. Fairrow. I recommended to Mr. Fairrow that he take the plea of guilty and do the two years. Mr.—after lengthy discussion, Mr. Fairrow informed me that he would not do that.

I told Mr. Fairrow that if he took the stand, the only person who is out there to tell his side of the story would be him. And if he took the stand, he would be impeached with his prior record. If he made a claim of a defense, it would be entirely possible for the State to introduce in its case in chief the extraneous offenses for which Mr. Fairrow was convicted. Mr. Fairrow still was adamant and refused the plea, and I would assume that that is still his attitude. Is that still your attitude?

THE DEFENDANT: Yes, sir.

MR. BYCK: Okay. I just wanted to get it on the record, that situation that immediately proceeded this, Mr. Fairrow's trial by jury.

THE COURT: Mr. Byck, you bring up an interesting matter. You say that you and—I was not aware, quite properly I should not have been—aware of Mr. Fairrow's previous record. You say you have been for some time aware of his separate prior final convictions?

MR. BYCK: Yes, Your Honor. Yes.

THE COURT: In light of that, Mr. Fairrow, within the past 18 months the Court of Criminal Appeals in Austin has said that the punishment may be enhanced if defense counsel had been made aware of the prior final convictions even though they are not contained in the indictment for enhancement purposes as well.

Sheriff, may we have the jury panel, please.

THE BAILIFF: Yes, sir.

THE COURT: You may be seated.

MR. BYCK: Do you understand that, Bobby? Do you understand what the Judge has said?

THE DEFENDANT: Somewhat, but, you know—

MR BYCK: That means the State can enhance you because we both knew about your prior convictions, right?

THE DEFENDANT: You just said something to me about them the other day. I didn't know you knew about them.

MR. BYCK: Of course, we knew about them. We talked about them. I told you you weren't eligible for probation in front on a jury.

THE DEFENDANT: Right, I said I didn't want probation.

MR. BYCK: That was the reason for it. Do you understand that they can still use this to enhance your case, as the Judge has warned you? They can raise this—this is a second degree 2 to 20.

THE COURT: No, it's—

MR: BYCK: It's a third degree, 2 to 10. They can raise it to 2 to 20. You still want to proceed with this trial?

THE DEFENDANT: Yes, sir.

THE COURT: Sheriff, may we have the jury, please.

During the court's introductory remarks to the venire, the offense was described as a third-degree felony carrying a punishment range of two to ten years in the penitentiary and an optional fine not to exceed $10,000. The defense attorney told the jury panel the same range of punishment. After the jury was selected and sent home for the day, the trial court and attorneys again addressed the issue of the extraneous offenses. The prosecutor told the trial court that the "Notice of Extrane-

ous Offenses" had been filed with the court the preceding Friday and set out the basic facts of each of the two prior felony theft cases. No mention was made of using these prior convictions for enhancement. After counsel for the defense acknowledged "the notice of extraneous offenses delivered by the State," the trial court stated that a sub rosa hearing on the extraneous offenses would be held before they could be admitted before the jury.

During the State's case-in-chief, the trial court allowed the prosecution to put on evidence regarding one of the offenses covered in the "Notice of Extraneous Offenses," a 1997 felony theft conviction. After the State rested, appellant testified he was not convicted of felony theft in 1997, but was convicted of unauthorized use of a motor vehicle. He admitted having committed the second theft offense contained in the State's notice and, in addition, admitted to having been convicted of a 1994 burglary of a building offense and two 1994 forgery offenses. After the jury found appellant guilty of third-degree theft, the trial court ordered a pre-sentence report and reset the case for punishment.

When the trial court reconvened for the punishment, the following transpired:

MR. CORRIGAN [PROSECUTOR]: Thank you, Your Honor. Your honor, do we need to arraign the defendant on the enhancement paragraph?

THE COURT: He already has been. He's admitted them.

MR. CORRIGAN: He plead true?

MR. BYCK: He plead true to it on the stand.

MR. CORRIGAN: Your Honor if the defendant has plead true—

MR. BYCK: Is there an enhancement paragraph in this?

THE COURT: There is not an enhancement paragraph.

MR. BYCK: That's what I thought, he admitted to the conviction but he hasn't been enhanced.

THE COURT: The State rests?

MR. CORRIGAN: Yes, your honor....

Appellant testified in punishment and was questioned extensively about his prior record. At the conclusion of his testimony, his attorney asked,

MR. BYCK: All right. Mr. Fairrow, the range of punishment for this offense is from two years to ten years in the penitentiary. What do you want to tell Judge Entz about why he shouldn't give you ten years in the penitentiary ... because that's what the District Attorney is going to ask for, sir, he's going to ask for the maximum on this case?

In arguments to the court, the prosecutor stated:

MR. CORRIGAN: He deserves every day of the maximum ten year sentence that you can give him.

Then in sentencing appellant, the trial court said:

THE COURT: Liberally utilizing the provisions of Article 12.42 of the Code of the State of Texas, realizing the offense for which you Bobby Joe Fairrow by jury have been found guilty of a third degree felony, but prior to the commencement of the trial even though it was not contained in the indictment, that you had been previously convicted, but you have been on notice for a considerable length of time about the possibility of added punishment with regard to this matter in light of your previous record ... you shall be confined for a period of eighteen years....

■ Appellant contends the trial court assessed an illegal sentence "in that it was in excess of that allowed for a conviction of

a third degree felony offense." The substance of appellant's argument is that the offense was not subject to enhancement because nothing in the record "suggests that the State gave appellant written notice in any pleading form that it would seek to enhance the applicable penalty range...." Although appellant did not object either at the time the trial court "notified" him of the possibility of enhancement of his punishment or at the time he was actually sentenced, the issue before us was presented to the trial court by way of motion for new trial, was overruled by the trial court, and was preserved for our review. TEX.R.APP. P. 33.1(a).

■ Although the prior requirement that enhancement allegations had to be included in the indictment was rejected by the court of criminal appeals in *Brooks v. State*, 957 S.W.2d 30, 33 (Tex.Crim.App. 1997), the court did determine that the prior convictions used for enhancement had to be pled in some manner. "As with deadly weapon findings, prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment—although it is permissible and perhaps preferable to do so." *Brooks*, 957 S.W.2d at 33. Acknowledging that alleging an enhancement in an indictment is not the only reasonable method of conveying such notice, the court of criminal appeals held, "the enhancement paragraphs must be pled *somewhere.*" *Id.*

Here, we must decide:

(1) whether the State's "Notice of Extraneous Offenses" filed the Friday before the Monday jury trial date constituted a "pleading" contemplated by *Brooks* and afforded appellant proper notice of intent to enhance punishment;

(2) whether the trial court's oral admonishment on the Monday trial date "that the punishment may be enhanced if defense counsel had been made aware of the prior final convictions even though they are not contained in the indictment for enhancement purposes as well" afforded proper notice to appellant of the intent to enhance; and

(3) if deemed sufficient to confer notice of intent to enhance, were either the State's "Notice of Extraneous Offenses" or the trial court's oral admonishments timely.

While the *Brooks* decision did not address the timeliness of the State's notice of intent to seek an enhanced punishment and did not consider the meaning of "must be pled in some form," we find guidance in a case from a sister court. The Beaumont court of appeals recently considered a situation similar to ours where the State, on September 28, 2001, filed a "Notice of Intent to Prove Witness's Convictions Pursuant to Texas Rule of Criminal Evidence 609," indicating the intent to offer a 1982 conviction for aggravated sexual abuse of a child for impeachment purposes at the defendant's trial for aggravated sexual assault of a child. *Sears v. State*, 91 S.W.3d 451, 453 (Tex.App.-Beaumont 2002, no pet.). On October 5, 2001, the Friday before the Monday jury trial, the State filed a "Notice of Enhancement Allegations to be Submitted to Fact Finder at Punishment," indicating the intent to enhance punishment to an automatic life sentence with the same 1982 aggravated sexual abuse of a child conviction.

The defense objected to the State's attempt to enhance punishment with a conviction not alleged in the indictment and argued that the notice was not timely and did not constitute a "pleading" within the parameters of *Brooks*. The State responded that it had been "discussed" and that the pen pack had been in the State's file. Additionally, the State maintained that the defense was not surprised and that the notice complied with *Brooks*. The

trial court found that the first document filed by the State regarding impeachment evidence was not a pleading, but held the October 5 notice of enhancement was sufficient and overruled the defense. After the defense requested a continuance based on the "new pleading that has been presented as of last Friday," and the State's response that the defense had actual notice of the prior conviction from looking at the State's file, the trial court overruled the motion and proceeded to trial. *Id.*, 91 S.W.3d at 454.

■■■ On appeal, the defendant argued he did not receive timely, proper notice. The Beaumont court of appeals agreed with the trial court that the first notice filed by the State, essentially providing the defense with notice of intent to impeach with the prior conviction, did not constitute a "pleading" affording the defendant with notice that his punishment could be enhanced. "The accused has a right to be advised that a greater penalty is to be sought." *Id.* As to the method and timeliness of the notice of intent to enhance punishment, the court explained that an accused was entitled to *proper* notice of any prior conviction used for enhancement of punishment. "Proper notice constitutes a 'description of the judgment of former conviction that will enable [the accused] to find the record and make a preparation for a trial of the question whether he is the convict named therein.'" *Id.* at 455 (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex.Crim.App.1978)). The *Sears* court concluded that less than one business day and two weekend days' notice was not enough time.

The court did not, however, establish a time certain but cited precedent that, "Notice is presumptively 'reasonable' if given at least ten days before trial." *See* Tex. Code Crim. Proc. Ann. Art. 1.051(e) (Vernon Supp.2003) (holding appointed counsel afforded ten days to prepare for trial); Tex.Code Crim. Proc. Ann. art. 28.10(a) (Vernon 1989) (defendant allowed ten days to respond to an amended indictment or information); *Campbell v. State*, 456 S.W.2d 918, 920 (Tex.Crim.App.1970) (probationer entitled to ten days to prepare for hearing after being served with motion to revoke).

In resolving the first issue—whether the State's "Notice of Extraneous Offenses" filed the Friday before the Monday jury trial date constituted a "pleading" contemplated by *Brooks* and afforded appellant proper notice of intent to enhance punishment—we agree with the reasoning in *Sears* and conclude it did not suffice to confer notice of the intent to enhance punishment and was not a proper "pleading" under *Brooks*.

■■ With respect to the second issue, we conclude the trial court's oral admonishment ("that the punishment may be enhanced if defense counsel had been made aware of the prior final convictions even though they are not contained in the indictment for enhancement purposes") given the day before trial began did not afford proper notice to appellant of the intent to enhance and was not a "pleading" in and of itself. Further, the admonishment was not a proper pleading in that no specifics were provided on the exact convictions appellant could expect the State, or the trial court in this instance, to use against him to enhance his punishment to some also undisclosed level, either as a second-degree felony or even as a habitual offender with a twenty-five-year minimum. The general statement that "prior convictions" could be used to enhance punishment does not give an accused the opportunity to research or investigate the nature of the allegations in order to adequately prepare for trial, es-

pecially when a considerable number of prior convictions are available.

■ Finally, although we conclude that the day-of-trial admonishment by the trial court did not provide proper notice of the intent to enhance punishment, even if it had been proper, it was not timely. Again, like *Sears,* we will not determine a certain time frame for timely notice but agree that notice is presumptively reasonable if given at least ten days before trial. If the notice in *Sears* given the Friday before the Monday trial was deemed untimely, clearly notice of the intent to enhance punishment given while the jury panel is standing in the hallway waiting to come into the courtroom is equally untimely.

While we do not address the issue of the notice of intent to enhance punishment being given in this case by the trial court rather than the State, it is noteworthy that despite the trial court's oral admonishment that prior convictions could be used to enhance punishment, all parties (including the prosecutor who, in closing argument on punishment, asked the court to sentence appellant to the maximum sentence of ten years) continued to act as though the case was punishable only as a third-degree felony offense. It would be illogical to conclude appellant received proper, timely notice when the State apparently did not believe appellant was subject to enhanced punishment and clearly did not ask for an enhanced sentence.

■ For the reasons outlined above, we conclude that proper notice of the intent to enhance punishment was not given to appellant and what notice was given was not timely. Therefore, the trial court erred in enhancing punishment in this case. We next determine whether appellant suffered reversible error.

■ Appellant does not argue the trial court's error violated a constitutional provision; rather, he argues only that the sentencing was outside the range allowed by statute. Accordingly, we conduct the harm analysis of statutory errors as a species of "other errors" under rule 44.2(b), disregarding the error unless it affected his "substantial rights." TEX. R.APP. P. 44.2(b); *Burnett v. State,* 88 S.W.3d 633, 637 (Tex.Crim.App.2002). "[A] conviction should not be overturned unless, after examining the record as a whole, a court concludes that an error may have had 'substantial influence' on the outcome of the proceeding." *Burnett,* 88 S.W.3d at 637 (quoting *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988)). In this case, appellant's sentence exceeded that allowed for a third-degree felony. Thus, we conclude the trial court's error affected appellant's substantial rights.

We sustain the sole point of error. We reverse the trial court's judgment on punishment and remand to the trial court for a new trial on punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2003)