**James Plamon McNATT, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06-03-00112-CR.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 29, 2004.

Decided Nov. 17, 2004.

Rehearing Overruled Dec. 29, 2004.

Peter Morgan, Vincent W. Perina, Vicki L. Solomon, Greenville, for appellant.

Jessica Edwards, Asst. Dist. Atty., Greenville, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Fifty-nine-year-old James Plamon McNatt, II, was sentenced to ninety-nine years' imprisonment after he was convicted of third-degree felony driving while intoxicated (DWI)[1] and had his sentence

---

1. In this case, through what is termed a "jurisdictional" enhancement, the charge of DWI

enhanced with two prior felony convictions.[2] Though McNatt's driving record includes at least ten prior DWI offenses dating back to 1969, the principal question before us is whether the State gave sufficient notice to McNatt of its intent to enhance his punishment with only *one* prior offense or with *two*.

McNatt argues he received such notice with regard to only one offense, effectively, and that therefore the jury should have been restricted to the punishment range of two to twenty years' confinement, rather than the range actually used, twenty-five to ninety-nine years, or life. He also asserts the trial court erred in denying his motion for a continuance during the punishment phase and in charging the jury on sentence enhancement.

We reverse the sentence and remand to the trial court for a new punishment trial at which McNatt's range of permissible sentence will be limited to two to twenty years' confinement. We reach that result because we hold (1) the trial court erred in permitting the enhancement of McNatt's sentence with two prior convictions without sufficient notice of the second conviction, (2) there was error in the jury charge on punishment, and (3) a new punishment trial must be held at which the State is limited to the one properly-noticed sentence enhancement conviction, thus authorizing a possible range of punishment limited to the range of two to twenty years' confinement.

## 1. The Trial Court Erred in Permitting Enhancement of McNatt's Sentence with Two Prior Convictions without Sufficient Notice of the Second Conviction

The State points to three documents it says gave McNatt sufficient notice that his sentence would be enhanced using a Dallas County conviction in cause number F–86–70217–HM as the second sentence-enhancing conviction. We (a) examine those documents before (b) explaining why the notice given was insufficient.

### a. The Notice Documents

The State claims notice of the second sentence-enhancing conviction was properly given by (i) the indictment, (ii) the March 6 letter notice, (iii) the March 25 motion to reconsider, or a combination of those three documents. We examine each document in turn.

#### i. The Indictment

The indictment contains two counts. Count I, intended as the jurisdictional enhancement of DWI to third-degree felony DWI, alleged eight offenses, including two

---

prescribed by Texas Penal Code Section 49.04 became a third-degree felony under Section 49.09(b)(2) once two prior DWI convictions were proven. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2004–2005). Without further "sentence" enhancement, such a third-degree felony would support a punishment of confinement in the range of two to ten years as provided by Section 12.34 of the Texas Penal Code. TEX. PEN.CODE ANN. § 12.34 (Vernon 2003). McNatt stipulated to two prior felony convictions as the jurisdictional enhancement. This appeal deals, not with *jurisdictional* enhancement, but with *sentence* enhancement.

2. Section 12.42(a)(3) of the Texas Penal Code, a sentence enhancement provision, provides that a third-degree felony is to be punished as a second-degree felony—which, under Section 12.33 of the Texas Penal Code, supports confinement in the range of two to twenty years—if it is enhanced with *one* prior felony conviction. TEX. PEN.CODE ANN. § 12.33 (Vernon 2003), § 12.42(a)(3) (Vernon Supp.2004–2005). But if *two* prior felony convictions are used as enhancements and properly sequenced, Section 12.42(d) of the Texas Penal Code provides enhanced punishment in the range of twenty-five to ninety-nine years or life. TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2004–2005).

convictions in Dallas County, Texas, in cause numbers MB98–61171–G and MA–82–45260–E, obtained in 2000 and 1992, respectively, to which McNatt later stipulated, supplying the jurisdictional enhancement sought by the State to make the offense a third-degree felony. The agreement to stipulate to those two convictions included the State's promise not to mention any other of the eight convictions during the guilt/innocence phase of the trial. Also included in the list of eight offenses was a December 14, 1987, conviction in Dallas County in cause number F–86–70217–HM. This offense was ultimately used, not as *jurisdictional* enhancement, but to enhance McNatt's *sentence*.

Count II was intended as the sentence enhancement provision. Although Count II appears to allege two prior felony offenses, 1983 convictions in Dallas County, the State concedes that the two felonies alleged in Count II constitute only one felony for the purpose of sentence enhancement because they were not properly sequenced.[3] Therefore, under the indictment, with no further supplementation, the available range of punishment was between two and twenty years' confinement.[4]

### ii. March 6: State's Letter Notice as to Additional Sentence Enhancement

■ The State filed its notice of intent on March 6, seven days before pretrial and eleven days before trial. In its notice letter, the State first expressed its intent to use cause number 12,923, a Hunt County DWI judgment of November 19, 1982— not previously among the offenses listed in *either* count of the indictment—in addition to the indictment's sentence enhancement count, to increase the punishment range from the one-prior-conviction enhancement range of two to twenty years' confinement to the two-prior-conviction enhancement range of twenty-five to ninety-nine years or life. On March 24, the day before sentencing, the trial court disallowed use of this 1982 conviction, concluding that the State's notice of its intent to use such conviction was untimely.[5]

### iii. March 25: State's Motion for Reconsideration and Clarification

On March 25, the day after the jury returned its guilty verdict and the same day as the punishment phase of McNatt's trial, the State filed its motion for reconsideration. In its motion, the State asserted, among other things, that the indictment in this case alleged McNatt's 1987 conviction in cause F86–70217–HM out of Dallas County, Texas, and asked the trial court to allow use of that conviction and of the previously-urged conviction in cause number 12,923 out of Hunt County.

The trial court maintained its previous position on cause number 12,923, disallowing it for the purpose of enhancement. But the trial court did allow the State to use "convictions noted in the indictment"

---

3. The two offenses alleged in the sentence enhancement portion of the indictment could not count as two offenses for enhancement purposes because neither "occurred subsequent to the [other] conviction having become final." *See* TEX. PEN.CODE ANN. § 12.42(d).

4. The State's written plea offer of twelve years dated November 22, 2002, reflected the same range of punishment.

5. There is a presumption that a notice of intent to enhance, given more than ten days before trial, is timely. *Fairrow v. State*, 112 S.W.3d 288, 295 (Tex.App.-Dallas 2003, no pet.). Therefore, the trial court could have allowed the State to enhance pursuant to its March 6 notice referring to cause number 12,923. However, on the day of sentencing, the trial court granted the State's request to use cause number F86–70217–HM to enhance punishment, and it expressly instructed the jury not to consider cause number 12,923 for enhancement purposes.

to enhance punishment. The State then proceeded to use cause number F86–70217–HM to further enhance the range of punishment to twenty-five to ninety-nine years or life. The conviction in cause number F86–70217–HM was alleged in the indictment, but was in Count I, the *jurisdictional* enhancement provision, not in Count II where the State had alleged prior felonies for purposes of *sentence* enhancement under Section 12.42(d). McNatt objected to the State's enhancement of his sentence.

*b. Notice was Insufficient to Allow Enhancement of McNatt's Sentence with the Second Conviction*

■ A defendant is entitled to notice of prior convictions to be used for enhancement. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex.Crim.App.1997); *Hollins v. State*, 571 S.W.2d 873, 876 (Tex.Crim.App.1978). Alleging an enhancement in the indictment is not the only reasonable method of conveying such notice. *Brooks*, 957 S.W.2d at 32. The State need only plead them somewhere. *Id.; see also Chimney v. State*, 6 S.W.3d 681, 696 (Tex.App.-Waco 1999, pet. ref'd).

■ If prior offenses are simply mentioned or noticed for no specified purpose, that fails to give the necessary notice they will be used for sentence enhancement. *Fairrow*, 112 S.W.3d at 290–92 ("Notice of Extraneous Offenses" notified of intent to introduce prior convictions into evidence at trial, but made no reference to sentence enhancement).[6]

■ If notice of intent to use a prior conviction for a purpose other than sentence enhancement is given and then, later on the eve of trial, notice is given that the same conviction will be used to enhance the sentence, that notice, too, has been ruled insufficient. *Sears v. State*, 91 S.W.3d 451, 453 (Tex.App.-Beaumont 2002, no pet.). At issue in *Sears* were two filings by the State. The first, filed September 28, 2001, notified Sears of the State's intent to introduce evidence of a 1982 aggravated sexual assault conviction for the purpose of impeachment. The second filing, filed Friday, October 5, 2001–with trial to begin Monday, October 8–was the State's written notice of its intent to use the same 1982 conviction to enhance Sears' sentence. *Id.* On appeal, the Beaumont court concluded that the second filing was not timely notice and that the first pleading did not constitute notice of intent to enhance, because it did not inform Sears that he was facing a mandatory life sentence if convicted. *Id.* The fact that the State's file contained a penitentiary packet detailing Sears' prior convictions also failed to provide Sears with proper notice of the State's intent to use the conviction to enhance his punishment. *Id.* The *Sears* court emphasized the required notice's purpose component mentioned in *Brooks*: "the theme through all of these cases appears to be that a defendant is entitled to notice of prior convictions *to be used for enhancement.*" *Id.* (quoting *Brooks*, 957 S.W.2d at 33 (emphasis added in *Sears*)).

---

**6.** Although this is the most relevant aspect of *Fairrow*, there are more details to that case. For instance, on the Thursday before trial on Monday, the district attorney had made an offer of two years in the Texas Department of Corrections, along with credit for all Fairrow's back time, approximately six months. *Fairrow*, 112 S.W.3d at 290–91. Additionally, at the beginning of the guilt/innocence phase before a jury, the trial court introduced this

case as a third-degree felony punishable by two to ten years' confinement. *Id.* at 291. In defense counsel's opening remarks, he stated the same range of punishment. *Id.* After the jury found Fairrow guilty, the State, in a bench trial on punishment, expressly sought the "maximum" sentence of ten years. *Id.* at 292. "Liberally utilizing [Section] 12.42," the trial court imposed an eighteen-year sentence. *Id.*

■ We observe in the caselaw four critical components of a proper notice of intent to use a prior conviction to enhance a sentence, (1) a writing, *Brooks,* 957 S.W.2d at 34; *Farris v. State,* 155 Tex. Crim. 261, 233 S.W.2d 856, 858 (1950); (2) given in a timely manner, *Fairrow,* 112 S.W.3d at 294–95 (ten days before trial presumptively reasonable); *Hudson v. State,* 145 S.W.3d 323, 325 (Tex.App.-Fort Worth, 2004, no pet. h.) (notice untimely if given after conclusion of guilt/innocence phase and six days before punishment; relevant ten-day period to be measured from start of guilt/innocence phase); (3) describing the prior conviction to be used, sufficient to enable the defendant to find the records so he or she can properly prepare for trial on the question of whether he or she is the same person identified in the records of such conviction, *Fairrow,* 112 S.W.3d at 294–95; *Hollins,* 571 S.W.2d at 875; and (4) containing an expression of intent to use the conviction to enhance the defendant's sentence, *Sears,* 91 S.W.3d at 453; *Brooks,* 957 S.W.2d at 33.

■ The State's letter notice of March 6, expressing its intent to use the conviction in Hunt County cause number 12,923, is insufficient to allow use of the conviction in cause number F86–70217–HM to enhance McNatt's punishment. Clearly, the letter does not identify the latter conviction. Additionally, the trial court ruled the March 6 letter notice was untimely.

■ The State's motion for reconsideration, filed on the day of sentencing, was clearly untimely and could not serve as proper notice to McNatt that the State intended to pursue an enhanced punishment with the prior conviction it used. The motion for reconsideration is more significant for the position it takes with respect to those jurisdictional offenses alleged in the indictment that were unused at the guilt/innocence stage due to McNatt's stipulation. Since that issue revolves around the indictment, we look directly at that instrument.

■ The offense ultimately used to enhance McNatt's punishment *was* alleged in the indictment. But, it was listed as a *jurisdictional* enhancement, as one of eight convictions alleged for use to elevate the present DWI offense to a third-degree felony. The State did not use it for that purpose since McNatt stipulated to two of the other convictions on that list, for jurisdictional purposes. Had he not done so and had the State used all eight convictions for jurisdictional purposes, most certainly the State would be unable to "double-dip" by using any of those for sentence enhancement. *See Wisdom v. State,* 708 S.W.2d 840, 845 (Tex.Crim.App.1986). Therefore, the most glaring issue becomes whether those "unused" convictions listed in the jurisdictional portion of the indictment can be later used to enhance punishment, though never (or untimely) noticed for that purpose. We hold that they cannot.

Clearly, the indictment does not allege F86–70217–HM as a conviction to be used for sentence enhancement. So, in effect, the State's argument treats the indictment as a partial notice of intent, which gave McNatt notice of the conviction the State would later use. Therefore, the State argues, when coupled with the State's March 6 notice of intent to enhance, the indictment gave McNatt proper notice the State would seek an enhanced sentence of twenty-five to ninety-nine years or life using the conviction ultimately used for that purpose. While the indictment would have been proper in that it was timely, written, and a thorough identification of the convictions referenced, it never informed McNatt that any conviction listed in Count I would be used for the purpose of enhancing the possible range of punishment. It provided

McNatt with notice only that the State sought to elevate the offense of DWI to a third-degree felony under Section 49.09(b) using the convictions listed in Count I. Relying on the principles set out in *Sears,* we hold that the notice of intent must articulate the State's intent to use the conviction to enhance the sentence. *See Sears,* 91 S.W.3d at 454 (State's notice of intent to use conviction for impeachment, and presence of the conviction in State's file, both insufficient to alert defendant of intent to use it to enhance punishment).[7]

▇▇▇ From October 2002 until March 6, 2003, eleven days before trial, the State had indicated that the possible punishment was in the range of two years to twenty years. The State based its plea offers on this range.[8] McNatt's reliance on this punishment range led him to reject a plea offer of twelve years. Clearly, defense counsel was surprised by the State's enhancement efforts on the day of sentencing. Counsel referred to facts that the trial court had ruled against allowing an enhancement the day before and that the State was now trying to use another conviction to accomplish the same purpose. He also explained to the trial court that, the night before, the defense understood

the range to be from two to twenty years. He then emphasized how "badly surprised" the defense was and moved for a continuance at the end of the State's case. On these facts, the trial court erred in allowing the State to enhance the range of punishment through use of the second conviction. Permitting the State to further enhance punishment by using, on the day of the punishment trial, a conviction alleged, and not used, solely as a jurisdictional enhancement in the indictment was improper, denying McNatt due process.

▇▇▇ Since the error here is constitutional, it is reversible unless we determine, beyond a reasonable doubt, that the error did not contribute to the punishment assessed. *See* TEX.R.APP. P. 44.2(a). Had the State not been allowed to use F86–70217–HM to enhance McNatt's punishment, McNatt would have faced a maximum sentence of twenty years' confinement. As it happened, the State was allowed to use the additional prior felony to increase the range of punishment, and the jury assessed McNatt's punishment at ninety-nine years. Without question, this error contributed to the punishment imposed.

7. The State relies on *Duckworth v. State,* 89 S.W.3d 747 (Tex.App.-Dallas 2002, no pet.), and *Jingles v. State,* 752 S.W.2d 126 (Tex. App.-Houston [14th Dist.] 1987, pet. ref'd), to support its argument that McNatt received proper notice. These two cases are not on point.

In *Duckworth,* the appellant argued that the State should have provided, but did not provide, in the indictment's two enhancement paragraphs, that it would use Section 12.42(a)(3) to enhance his punishment. *Duckworth,* 89 S.W.3d at 751. The Dallas Court of Appeals noted that all the authorities on which Duckworth relied centered on the State's failure to properly notify the defendant of the conviction to be used. *Id.* The court concluded that the State need not allege the Texas Penal Code section to be used and that

Duckworth received proper notice of the convictions to be used for enhancement.

When the State alleged two prior felony convictions including the court, offense, and date of conviction, appellant Jingles argued that Section 12.42(d) required the State to allege in the indictment that commission of the most recent offense occurred after the earlier conviction became final. *Jingles,* 752 S.W.2d at 128–29. Concluding that such an allegation was not necessary under Section 12.42(d), the court held that the indictment provided Jingles with sufficient notice he was being charged with burglary of a building having had two prior felony convictions. *Id.*

8. Both the State and the defense referred to an eight-year offer made around March 5, although the record does not contain a written offer to this effect.

## 2. The Trial Court Erred in Charging the Jury on Punishment

Although, because of the harmful sentence enhancement error discussed above, we reverse the sentence and remand for a new punishment trial, we also find error in the manner the jury was charged on punishment. We address that as well.

McNatt was arraigned and pled not true to "the enhancement portions of the indictment." Defense counsel specifically requested that the factual allegations of the prior convictions on which the State relied be included in the charge, requesting the identification of the offenses and the explanation of the sequencing, which the jury must consider. The trial court denied the request.

The jury charge refers to allegations in the indictment regarding "prior felony offenses." The charge goes on to authorize the jury to assess McNatt's punishment at a term of twenty-five to ninety-nine years or life in prison if it found he had two, sequenced, prior felony convictions:

> The punishment range for this offense, if you find that the defendant has been convicted of two prior felony convictions, one having become final before the commission of the second offense is confinement in the state penitentiary of not less than twenty-five (25) years nor more than ninety-nine (99) years or life.

> You are instructed that if you find beyond a reasonable doubt that this defendant is the same person who was convicted of another offense listed in the indictment and that such conviction occurred as alleged, and that the second previous felony conviction is for an of-

fense that occurred subsequent to the first previous conviction having become final, then you will find that the allegation is true and so state in your verdict and you will assess punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life or for any terms [sic] of not more than ninety-nine (99) years or less than twenty-five (25) years.

In a handwritten note on the last page of the jury charge, the trial court further instructed the jury to disregard the conviction the State had attempted to use in its notice of intent:

> You are further instructed you may not consider State Exhibit # 7, Hunt County Cause # 12,923 as a prior felony conviction for purposes of these instructions.

 When jury charge error is claimed, we are to determine first whether there was error. If we find error and if, as here, the error was preserved by objection, we then determine whether "some harm" resulted from the error. *Mann v. State*, 964 S.W.2d 639, 641 (Tex.Crim.App. 1998); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994); *see* TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981).

 Error occurs when a jury charge fails to directly apply the law to the facts. *Harris v. State*, 522 S.W.2d 199, 202 (Tex.Crim.App.1975). More specifically, when a jury charge fails to set out the details and sequencing of prior convictions used for sentence enhancement in the application paragraph of the charge, the charge is improper. *Rice v. State*, 746 S.W.2d 356, 360 (Tex.App.-Fort Worth 1988, pet. ref'd);[9] *Morales v. State*, 659

9. Ultimately, the *Rice* court found the error to be harmless. Distinguishing *Rice* from the instant case is the fact that the jury charge in *Rice* did refer to the prior convictions in the abstract portion of the charge, identifying the

convictions by date, cause number, offense, and sequencing. *Rice*, 746 S.W.2d at 359. Here, the charge referred only generally to the convictions alleged in the indictment without any specific identification or refer-

S.W.2d 867, 868 (Tex.App.-El Paso 1983, no pet.). Likewise, it is error to misstate the punishment range within which the jury must assess punishment for a defendant. *Stein v. State,* 515 S.W.2d 104, 108 (Tex.Crim.App.1974).

■ Here, the jury was instructed to assess punishment for McNatt within the range of twenty-five to ninety-nine years or life if it found McNatt had "been convicted of two prior felony convictions, one having become final before the commission of the second offense," but the charge failed to specify the prior felony convictions for which McNatt's sentence could be enhanced. The punishment charge makes only general references to convictions that may be used for enhancement purposes by simply referring to the indictment: the charge (1) states "the indictment alleges that the defendant has previously been convicted of prior felony offenses" and (2) asks the jury to determine whether McNatt was "the same person who was convicted of another offense listed in the indictment."

There are a number of problems with that formulation of the charge. First, it does not identify and sequence, in the charge, the convictions from which the jury may choose. Second, in referring to convictions alleged in the indictment, it might very well mislead the jury into finding two enhancing convictions from the two, nonsequenced, convictions alleged in Count II of the indictment—which could count as only one enhancement conviction. Third, referring generally to the indictment would allow the jury to include any of the eight offenses listed in Count I of the indictment—the jurisdictional portion—without guidance on which of those are felonies, which of them were used for jurisdictional purposes, and which one was

ence to any particular felony conviction avail-

the one the trial court had authorized for use as an enhancement conviction—the one we have determined was not properly noticed.

It logically follows from the charge's failure to specify enhancement convictions that the charge also misstated the available punishment range. Even had the State properly notified McNatt of its intent to further enhance his punishment beyond the twenty-year maximum punishment supported by the indictment, this jury charge would have failed to apply the law to the facts since it referred only generally to the indictment, which, standing alone, contained enhancement allegations under which, effectively, McNatt could be sentenced only to between two and twenty years.

Having determined that the charge to the jury contained error, we would normally be required to move on to the second step of our analysis. *See Mann,* 964 S.W.2d at 641; *Abdnor,* 871 S.W.2d at 731–32. Here, since McNatt properly preserved error with respect to the complained-of error, we would be required to determine whether the error caused McNatt some harm. *See Almanza,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g). But, since we have previously found harmful error in the failure to give proper notice of the second enhancing conviction—and are, therefore, reversing and remanding for a new punishment trial—we need not assess harm from this jury charge error.

*3. At a New Punishment Trial, the State is Limited to Enhancing McNatt's Sentence Using the One Properly-Noticed Prior Conviction*

■ When we find error at the punishment stage of the trial, we may remand

able to enhance McNatt's punishment.

the case to the trial court for the proper assessment of punishment. *See* Tex.Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp.2004–2005); *Levy v. State*, 818 S.W.2d 801, 803 (Tex.Crim.App.1991). The question remains whether, on remand, the State will be allowed to give new notice of additional enhancement convictions or will be limited to enhancing McNatt's sentence using the one alleged prior conviction set out in the indictment. We hold it is so limited.

When a court of appeals reverses and remands a case to the trial court without instructions to render a specific judgment, the effect is to restore the parties to the same situation as that in which they were before the appeal. *Musgrove v. State*, 82 S.W.3d 34, 37 (Tex.App.-San Antonio 2002, pet. ref'd).[10] Before the appeal, the enhancement notice to McNatt was insufficient to enhance his sentence beyond a maximum of twenty years' confinement. On remand, that limitation remains.

### Conclusion

We reverse the trial court's judgment as to punishment and remand the case to the trial court for a new trial on punishment within the range of two to twenty years' confinement. Because the other points of error are dispositive, we do not address

McNatt's point of error concerning his motion for continuance.

---

**10.** While, previously in this opinion, we have agreed with the majority's reasoning in *Sears*, 91 S.W.3d 451 (Tex.App.-Beaumont 2002, no pet.), that the State's notice was inadequate to provide notice to the defendant, we come to a different conclusion about the parties' rights on remand than that expressed by the concurring opinions in *Sears*. *Sears*, 91 S.W.3d at 456 (Walker, C.J., concurring; Gaultney, J., concurring). Relying on Articles 44.29 and 37.07, the two concurring opinions in *Sears* conclude that, although the State did not, before trial, provide proper notice of intent to enhance, it could still seek to enhance the appellant's punishment on remand. Article

44.29 directs the trial court to proceed under Section 3 of Article 37.07. While Article 37.07 authorizes proof of prior convictions as a relevant consideration in the assessment of punishment, we believe that falls short of authorizing sentence enhancement beyond *the range of punishment authorized* by proper prior notice of intent to enhance punishment. We should not read Article 37.07 as a means to circumvent the requirement that the State provide proper notice of its intent to enhance punishment. In other words, we will not apply Article 37.07 in a manner inconsistent with a defendant's right to due process.