

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00084-CR

_____

### LEE CHARLES HAMILTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 06-F-0088-102

Before Morriss, C.J., Moseley and Cornelius,* JJ.
Memorandum Opinion by Justice Cornelius

_____

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

A jury convicted Lee Charles Hamilton of possessing more than one gram but less than four grams of cocaine. His punishment, enhanced by two prior felony convictions, was set by the trial court at life imprisonment.

Hamilton raises four issues on appeal. In these issues, he contends (1) the State failed to give him proper and sufficient notice that it would use evidence of prior convictions to enhance the punishment; (2) it was error to overrule Hamilton's motion to disqualify the trial judge; (3) the trial court erred in overruling the defense's motion for continuance in order to secure the attendance of necessary witnesses; and (4) the evidence is insufficient to prove that the contraband Hamilton was convicted of possessing weighed more than one gram. We overrule all these contentions and affirm the judgment.

We first address the contention that the State failed to give proper notice of its intention to prove enhancements to the punishment. If the State intends to use prior convictions to enhance the punishment in a criminal case, it must give the defendant reasonable notice of its intention by some kind of pleading. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997); *Cochran v. State*, 107 S.W.3d 96, 99 (Tex. App.—Texarkana 2003, no pet.). There is no statute prescribing a particular kind of notice or a particular time when the notice must be given. Ten days before trial has been held to be presumptively reasonable, but notice shorter than ten days has also been held to be reasonable, depending on the circumstances of the case and the actions of the defendant and the State. *See*

*Richardson v. State*, 170 S.W.3d 855 (Tex. App.—Texarkana 2005, pet. ref'd); *Hackett v. State*, 160 S.W.3d 588 (Tex. App.—Waco 2005, pet. ref'd); *Splawn v. State*, 160 S.W.3d 103 (Tex. App.—Texarkana 2005, pet. ref'd); *McNatt v. State*, 152 S.W.3d 645 (Tex. App.—Texarkana 2004), *aff'd in part & rev'd in part on other grounds*, 188 S.W.3d 198 (Tex. Crim. App. 2006); *Barnes v. State*, 152 S.W.3d 144 (Tex. App.—Dallas 2004, no pet.).

The trial here began on April 4, 2007. A detailed notice of the State's intent to introduce evidence of the prior convictions was served by courier on Hamilton's counsel of record on February 22, 2007, according to the certificate of service signed by the assistant district attorney who prosecuted the case for the State, but the notice was not filed in the record until later, on February 7, 2008. Hamilton argues in his brief that there is no evidence in the record that his attorney actually received the notice. He posits that the rules for effecting service of a notice of enhancements in criminal cases should be at least as effectual as those provided in the Texas Rules of Civil Procedure for giving notice. We agree. But Rule 21a of the Texas Rules of Civil Procedure provides that a certification by an attorney of record showing service of a notice shall be prima facie evidence of the fact of service. TEX. R. CIV. P. 21a. A party or attorney contending that the notice was not received has the burden to prove that the notice was not received. A certificate of service creates a presumption that the requisite notice was served, and in the absence of evidence to the contrary, has the force of law. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987); *Krchnok v. Fulton*, 759 S.W.2d 524 (Tex. App.—Amarillo 1988, writ denied). Hamilton did not rebut the

3

presumption created by the certificate of service. Thus, he received service of the intent to prove enhancements on February 22, 2007, approximately forty days before the time the trial began.

Additionally, the record here shows that, at a pretrial hearing held on March 5, 2007, one month before trial, Hamilton was present when the State announced that it had sent a notice to the defense that it would seek to enhance the punishment by prior convictions. At the same hearing, the trial court admonished Hamilton as to the prior convictions and Hamilton pleaded true to the enhancement paragraphs and freely admitted that he was the person convicted. In view of all these facts, we hold that Hamilton cannot complain of the lack of proper, timely notice. *Harvey v. State*, 611 S.W.2d 108, 111–12 (Tex. Crim. App. 1981); *O'Dell v. State*, 467 S.W.2d 444, 447 (Tex. Crim. App. 1971); *Denham v. State*, 428 S.W.2d 814, 817 (Tex. Crim. App. 1968).

We next address the contention that it was error to overrule Hamilton's motion to disqualify the trial judge, the Honorable John Miller. The basis of the claim of disqualification is the assertion that Judge Miller, in the capacity of counsel for the State, had previously prosecuted Hamilton. The motion for disqualification simply stated that Judge Miller had previously served as counsel for the State "in this matter." The motion also stated that Judge Miller had "secured a conviction against the Defendant which is being used to enhance the punishment range."

The motion to disqualify the trial judge was properly overruled. The applicable statute provides that "No judge . . . shall sit in any case . . . where he has been of counsel for the State or the accused." TEX. CODE CRIM. PROC. ANN. art. 30.01 (Vernon 2006). This statute applies only if the

4

trial judge has actively participated as counsel in the very case now before him. *Gamez v. State*, 737 S.W.2d 315, 318–19 (Tex. Crim. App. 1987). Judge Miller had not participated as counsel in the case being tried here. A trial judge is not disqualified from presiding over a trial when a new offense is charged, *Hawthorne v. State*, 459 S.W.2d 826 (Tex. Crim. App. 1970), even though he personally prosecuted the defendant on a prior felony conviction used by the State for enhancement purposes. *Neverez v. State*, 832 S.W.2d 82 (Tex. App.—Waco 1992, pet. ref'd); *O'Dell v. State*, 651 S.W.2d 48 (Tex. App.—Fort Worth 1983, pet. ref'd).

We next consider the trial court's actions in overruling Hamilton's motion for continuance. The motion was filed on March 30, 2007, five days before trial was to begin, although the case had been pending for more than two years. The purpose of the motion was to gain time to secure the presence of alleged witnesses Cobie Davis, Lakeisha Bates, Amy Harriman, and Bridget Smith. An application for subpoena for these and other alleged witnesses was also filed on March 30, 2007. The motion for continuance was not sworn to, and the record shows that Hamilton was aware of the existence of the alleged witnesses approximately two years before trial, but the subpoenas were not requested for them until the day the motion for continuance was made.

Motions for continuance in criminal trials must be sworn to. TEX. CODE CRIM. PROC. ANN. art. 29.08 (Vernon 2006). Because the motion here was not sworn to, it presents nothing for review. *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); *Rodriguez v. State*, 903 S.W.2d 405 (Tex. App.—Texarkana 1995, pet. ref'd). In view of this fact and the fact that Hamilton knew

5

of the witnesses for nearly two years before filing the motion, the trial court did not abuse its discretion in overruling the motion for continuance.

Hamilton challenges the sufficiency of the evidence to prove that the weight of the cocaine possessed was more than one gram. As the State points out in its brief, Hamilton's challenge here is really not to the sufficiency of the evidence, but to the credibility of the chemist's testimony that the total weight of the cocaine found in five small bags was more than one gram. During cross-examination, Hamilton's counsel elicited testimony from the chemist that she weighed all five of the bags, including their contents. Then, she weighed one empty bag, multiplied its empty weight by five, and then subtracted the combined weights of the empty bags from the total weight of the five loaded bags. The total weight of the cocaine alone was 1.45 grams. Hamilton's counsel suggested to the chemist that the combined weight of the empty bags, when subtracted from the total weight, would leave the total weight of the cocaine alone at less than one gram. The chemist vigorously disputed this suggestion. She said the variability of the size of the bags was very slight, no empty bag weighed more than 0.07 grams, and at the very most, their total weight could not bring the total weight of the contraband alone to under one gram. The jurors obviously believed the chemist's testimony and accepted her calculations, which was their prerogative. No error is shown.

Hamilton also claims in his argument under this issue that the trial court erred in failing to grant his request for a quantitative analysis. This motion was filed less than five days before the trial began, there was no evidence or claim that any foreign substance was contained with the cocaine,

and the weight of the empty baggies was established by the chemist's testimony.  The State is no longer required to prove the amount of the controlled substance and the amount of adulterants and dilutants.  The State must prove only that the aggregate of the controlled substance, including adulterants and dilutants, if any, equals the minimum weight for the offense charged.  *Melton v. State*, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003).  In these circumstances, Hamilton was not harmed.  We find no reversible error.

For all of the reasons stated, we affirm the judgment.


William J. Cornelius
Justice*

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

Date Submitted:      March 6, 2008
Date Decided:        July 16, 2008

Do Not Publish