**James Plamon McNATT, II, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0133–05.**

Court of Criminal Appeals of Texas.

March 29, 2006.

---

Lawrence B. Mitchell, Dallas, for Appellant.

Stephen Ray Tittle, Jr., Asst. D.A., Greenville, for State.

KELLER, P.J., delivered the opinion of the Court in which, PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN JJ., joined.

Appellant's sentence was reversed on appeal, after the Court of Appeals found that the State failed to give appellant proper notice of its intent to use a prior conviction for enhancement purposes. The case was remanded for a new trial on punishment only. We granted review to determine whether the State is prohibited on remand from giving the requisite notice and using the conviction for enhancement purposes at the new punishment hearing. We hold that there is no such prohibition.

## I. BACKGROUND

### A. Trial

Appellant was indicted on October 11, 2002, for the felony offense of driving while intoxicated (DWI) after having been previously convicted of DWI on two or more occasions. The indictment alleged that the primary DWI was committed on November 18, 2001. In addition, the indictment alleged eight jurisdictional priors. Finally, the indictment alleged two prior convictions for the purpose of enhancement (occurring on January 19 and 26, 1983). However, because the second enhancement offense was not committed after conviction for the first became final, the convictions counted as only one conviction for the purpose of determining the range of punishment under the enhancement statute—raising the punishment range from that of a third degree felony (2 to 10 years of

imprisonment) to that of a second degree felony (2 to 20 years of imprisonment).[1]

The case was set for trial on March 17, 2003. On March 5, 2003, pursuant to *Tamez v. State*,[2] appellant agreed to stipulate to two of the jurisdictional priors (both misdemeanors) in order to prevent the introduction of the other six prior DWI convictions at the guilt phase of trial. On March 6, 2003, the State filed a letter conveying its notice of intent "to prosecute [appellant] as a habitual offender." The letter informed appellant that he would be facing a punishment range of 25 years to life and that, in addition to the two enhancement convictions listed in the indictment, the State would rely upon a 1982 felony DWI conviction that was not listed in the indictment.

On March 7, 2003, the State filed an unsworn motion for continuance, alleging that a continuance was necessary because: (1) the State had discovered an additional prior felony conviction that could be used to enhance the punishment range to 25 years to life in prison, (2) appellant had used two aliases and might have drivers' licenses under those names in Arkansas, Louisiana, and California and thus might have additional convictions under those aliases, and (3) the State had retained two expert witnesses who were not available during the week the case was set for trial but would be available during the week of April 21st. Appellant opposed the motion for continuance on the grounds that it was unsworn in violation of Article 29.08,[3] was untimely in violation of Article 28.01, and failed to set forth sufficient cause for con-

tinuance under Articles 29.03 and 29.04. He also complained that his own expert witness was already scheduled for a different case on the week of April 21st. The trial court denied the State's motion for continuance, but granted some leeway in the timing of the trial to accommodate the State's experts. Jury selection was conducted on Monday, March 17th. A motion-to-suppress hearing was held and opening statements were made on Wednesday, March 19th, and witness testimony began on Thursday, March 20th.

On March 24th, the day before sentencing, the trial court ruled that the State could not use for enhancement the 1982 felony DWI conviction pled in the March 6 notice because the notice was untimely. The next day, the State requested that the trial court reconsider its ruling and also requested permission to use a 1987 felony DWI conviction that was pled as one of the jurisdictional priors in the indictment. The trial court adhered to its earlier ruling excluding the use the 1982 conviction, but it ruled that the State would be permitted to use "convictions noted in the indictment." The State subsequently used the 1987 felony DWI conviction to enhance the range of punishment to 25 to 99 years or life.[4] Appellant was sentenced to 99 years in prison.

## B. Appeal

The Court of Appeals agreed with appellant's contention that the State failed to give sufficient notice of its intent to use the 1987 felony DWI conviction for enhance-

---

1. *See* TEX. PEN.CODE § 49.09 (DWI with two prior DWIs is third degree felony); 12.42(a)(3), (d)(enhancement with prior convictions). *See also* §§ 12.33 (second degree felony punishment range) and 12.34 (third degree felony punishment range).

2. 11 S.W.3d 198 (Tex.Crim.App.2000).

3. All references to articles are to the Texas Code of Criminal Procedure unless otherwise indicated.

4. *See* § 12.42(d).

ment under § 12.42.[5] The appellate court found that this failure of notice constituted a violation of the constitutional right of due process.[6] Conducting a harm analysis for constitutional error,[7] the Court of Appeals declined to find the error harmless. The court reversed the assessment of punishment and remanded the case for a new punishment hearing.[8]

In addition, the Court of Appeals instructed that the State would not be allowed to cure the notice problem on remand by giving notice before the new punishment hearing; rather, the State would be limited to using the prior (non-sequenced) convictions set out for enhancement purposes in the indictment.[9] As a result, instead of seeking a sentence in the punishment range of 25 to 99 years or life under § 12.42(d), the State would be limited to seeking a sentence in the punishment range of 2 to 20 years under § 12.42(a)(3).[10] Relying upon *Musgrove v. State*,[11] the Court of Appeals reasoned:

> When a court of appeals reverses and remands a case to the trial court without instructions to render a specific judgment, the effect is to restore the parties to the same situation as that in which they were before the appeal. Before the appeal, the enhancement notice to McNatt was insufficient to enhance his sentence beyond a maximum of twenty

years' confinement. On remand, that limitation remains.[12]

In a footnote, the Court of Appeals responded to a contention made in a concurring opinion in *Sears v. State*[13] that Article 37.07 would permit use of the conviction for enhancement on remand.[14] The court below observed that, while Article 44.29, the remand statute, directs the trial court to proceed under Article 37.07 and the latter statute "authorizes proof of prior convictions as a relevant consideration in the assessment of punishment," the court expressed its belief that such authorization "falls short of authorizing sentence enhancement beyond *the range of punishment authorized* by proper prior notice of intent to enhance punishment."[15] The court further stated that it would "not apply Article 37.07 in a manner inconsistent with a defendant's right to due process."[16]

In its petition, the State complains only about the Court of Appeals's pronouncement that the State will be precluded on remand from using a second prior conviction to enhance appellant's punishment under § 12.42(d).[17]

## II. ANALYSIS

The rationale for the Court of Appeals's holding is not clear. The court did not indicate the source of its rule other than to

---

5. *McNatt v. State*, 152 S.W.3d 645, 649–653 (Tex.App.-Texarkana 2004).

6. *Id.* at 653.

7. *See* Tex.R.App. P. 44.2(a).

8. *McNatt*, 152 S.W.3d at 653.

9. *Id.* at 656.

10. *See id.* at 648 n. 2, 656.

11. 82 S.W.3d 34, 37 (Tex.App.San Antonio 2002, pet. ref'd).

12. *McNatt*, 152 S.W.3d at 656 (citation and footnote reference omitted).

13. 91 S.W.3d 451, 456 (Tex.App.-Beaumont 2002) (Walker, C.J., concurring).

14. *McNatt*, 152 S.W.3d at 656 n. 10.

15. *Id.* at 656 n. 10 (emphasis in original).

16. *Id.*

17. Consequently, we express no opinion on whether notice was in fact untimely.

cite *Musgrove,* another court of appeals opinion. *Musgrove,* in turn, cited *Film Adver. Corp. v. Camp,*[18] a court of appeals opinion in a civil case,[19] which cited no authority for its pronouncement.[20] At any rate, having been handed down by intermediate appellate courts, neither decision is binding upon this Court. What we must ultimately determine today is whether the remand statute or due process requires the result reached by the Court of Appeals.

◼ We interpret a statute in accordance with the plain meaning of its text unless the statutory language is ambiguous or the plain meaning leads to absurd results that the Legislature could not have possibly intended.[21] The remand statute provides in relevant part:

> If the court of appeals . . . awards a new trial to a defendant . . . only on the basis of an error or errors made in the punishment stage of trial, *the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment phase under Subsection (b), Section 2, Article 37.07, of this code.* If the defendant elects, the court shall

empanel a jury for the sentencing stage of trial in the same manner as a jury is empaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Section 3 of Article 37.07 of this code.[22]

We initially analyze two clauses of the language italicized above: the "stand" clause and the "except" clause.

The "stand" clause provides that granting a new trial "for punishment only" causes the case to stand as if "the new trial had been granted by the court below." The language "the new trial had been granted by the court below" is a reference to the *trial court's* power to grant a new trial, and the effect of such a grant is addressed by the rules of appellate procedure. Rule 21.9 provides, "Granting a motion for new trial restores the case to its position *before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party.*"[23] By including "arraignment" and "pretrial proceedings" in the matters that may be repeated, the rule recognizes that a new trial restores the case not merely to the beginning of trial, but much earlier, to the beginning stages of the prosecution.[24]

---

18. 137 S.W.2d 1068, 1069 (Tex.Civ.App.-Dallas 1940, no writ).

19. 82 S.W.3d at 37 (citing *Film Adver. Corp.*).

20. *Film Adver. Corp.,* 137 S.W.2d at 1069. Ironically, the entire passage in *Film Adver. Corp.* suggests an opposite conclusion than the one drawn by the Court of Appeals in the present case:

> When a cause is reversed and remanded for a new trial, generally, without instructions to render a specific judgment, as in the first appeal of this cause, the effect is to restore the parties litigant to the same situation as that in which they were prior to the appeal; the parties are allowed to proceed in the court below, and have their rights deter-

mined in the same manner and to the same extent *as if their cause had never been heard or decided by any court, leaving the trial court entirely free to exercise his own judgment upon the evidence reviewable on appeal, as in the first instance.*
*Id.*

21. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

22. Art. 44.29(b).

23. Tex.R.App. P. 21.9

24. The rule existed with substantially the same wording before the statutory change that authorized reversal and remand for a

This language is broad enough to embrace the State's notice pleadings, including a notice of intent to use a prior conviction for enhancement purposes.

The next question is what modification the "except" clause makes to the effect of granting a new trial. The statute says, "except that the court *shall commence the new trial* as if a finding of guilt had been returned." This language clearly provides that the "new trial," whenever it starts, will start as if the defendant had already been found guilty. The language does not negate the fact that reversal returns the parties to a position long before the new trial actually begins.

■ With regard to due process, the Supreme Court has held that "an habitual offender charge . . . is 'essentially independent' of the determination of guilt on the underlying substantive offense."[25] While "a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge," if the recidivist charge is the subject of a separate proceeding, "due process does not require that notice be given prior to the trial on the substantive offense."[26]

Moreover, other contexts suggest indirectly that lack of notice at an earlier trial should not bar the use of an enhancement at a later proceeding. In *Welch v. State,* the enhancement allegation was read to the jury after testimony was taken and was thus read untimely.[27] We characterized the issue as one of "trial error" and held that "the State is not prohibited from pursuing enhanced punishment again in the event of retrial."[28] In *Hood v. State,* the State pursued enhancement allegations on retrial even though no such allegations had been pursued at the first trial.[29] We held that "mistake or oversight" in failing to pursue the allegations at the first trial could be an "objective reason" that would defeat a constitutional claim of prosecutorial vindictiveness.[30] Finally, in *Lockhart v. Nelson,* a federal district court determined on habeas corpus that a prior conviction offered in support of an enhancement allegation was unusable for that purpose because the offense had been pardoned.[31] The State of Arkansas then announced its intention to resentence the defendant as a habitual offender, using a different conviction, not offered or admitted at the initial sentencing hearing.[32] Assuming *arguendo* that the Double Jeopardy Clause applied to a State's attempt to use prior convictions for enhancement at a noncapital sentencing proceeding, the Supreme Court

---

new trial on punishment only. *See* Tex.R.App. P. 32 (West 1986); Acts 1987, 70th Leg., ch. 179, § 1 (amending Art. 44.29).

**25.** *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962) (citing *Chandler v. Fretag,* 348 U.S. 3, 8, 75 S.Ct. 1, 99 L.Ed. 4 (1954)). For this reason, we reject the claim advanced by defense counsel during oral argument that the enhancement allegation, by changing the range of punishment, frustrated appellant's ability to intelligently conduct plea negotiations and that giving notice before a new punishment hearing would not remedy that injury.

**26.** *Id.*

**27.** 645 S.W.2d 284 (Tex.Crim.App.1983).

**28.** *Id.* at 286.

**29.** 185 S.W.3d 445 (2006).

**30.** *Id.* at 450; *see also Lopez v. State,* 928 S.W.2d 528, 532–533 (Tex.Crim.App.1996) (intervening judicial decision permitting use of deadly weapon finding for "unknown object" allegations was sufficient to rebut presumption of vindictiveness, thus allowing State to seek deadly weapon finding at second trial when one was not sought at first trial).

**31.** 488 U.S. 33, 36, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).

**32.** *Id.* at 37, 109 S.Ct. 285.

held that use of a different conviction to prove habitual status did not constitute a double jeopardy violation.[33]

We conclude that the Court of Appeals erred in holding that the untimeliness of an enhancement allegation carries over to any retrial of the punishment proceedings. As long as the enhancement is not barred by other considerations (e.g. prosecutorial vindictiveness), the State is free to use a prior conviction for enhancement if proper notice of its intent to do so is conveyed with respect to the new punishment hearing.

The judgment of the Court of Appeals is reversed to the extent that it prohibited the State from using prior convictions for enhancement at the new punishment hearing. In all other respects, the judgment of the Court of Appeals is affirmed.

MEYERS, J., dissented.

JOHNSON, J., concurred in the result.

---

33. *Id.* at 291–292, 109 S.Ct. 285.