# NO. 12-08-00051-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEMARCUS LAMOND LEWIS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Demarcus Lamond Lewis, appeals his sentence for possession of one gram or more but less than four grams of a controlled substance, a third degree felony. In two issues, Appellant contends his sentence is outside the appropriate range of punishment and the evidence is legally insufficient to show that he was twice previously convicted of a felony offense. We affirm.

### PROCEDURAL BACKGROUND

Appellant was charged by indictment with the possession of one gram or more but less than four grams of a controlled substance, a third degree felony. Before trial, the State filed a Notice of Intent to Seek Higher Punishment Based on Prior Convictions pursuant to ***Brooks v. State***, 957 S.W.2d 30 (Tex. Crim. App. 1997) ("***Brooks*** notice") alleging that Appellant had two felony convictions the State would use to enhance the punishment range to a term of not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2007).

The trial court convicted Appellant on his plea of guilty. Appellant pleaded true to the enhancement allegations, and the trial court assessed his punishment at imprisonment for forty years.

The Amarillo Court of Appeals affirmed his conviction.[1]

Appellant filed an application for writ of habeas corpus. In *Ex parte Lewis*, No. AP-75,568, 2006 WL 3691265 (Tex. Crim. App. Dec. 13, 2006) (per curiam) (not designated for publication), the court of criminal appeals held that the *Brooks* notice to Appellant was not adequate to support enhancement to habitual offender status since the notice did not properly allege that Appellant committed one of the two offenses after the conviction for the other had become final. The court granted relief and remanded the case for a new assessment of punishment.

Prior to Appellant's new punishment hearing, the State filed another *Brooks* notice correcting the errors in the original notice. Appellant filed a written objection to this notice. At the second punishment hearing, Appellant pleaded not true to the enhancement allegations. The trial court found the enhancement allegations to be true and assessed Appellant's punishment at imprisonment for forty years.

## APPROPRIATE RANGE OF PUNISHMENT ON REMAND

In his first issue, Appellant claims "the trial court erred in sentencing Appellant outside the appropriate range of punishment." Appellant relies on the opinion of the court of criminal appeals in which the court stated that although the *Brooks* notice was not adequate to support enhancement to habitual offender status, the notice was "adequate to allege enhancement pursuant to Section 12.42(a)(3) of the Texas Penal Code." *Id.*, at *1. The court, Appellant argues, remanded the case for a new assessment of punishment, not a new punishment hearing. In Appellant's view, the trial court was restricted to the range of punishment for second degree felonies and erred in allowing the filing of an amended *Brooks* notice, conducting a new punishment hearing, and sentencing Appellant as an habitual offender.

### Applicable Law

If a court grants a new trial based only on errors made at the punishment stage of the trial, "the cause shall stand as it would have stood in case the new trial had been granted by the court below, except that the court shall commence the new trial as if a finding of guilt had been returned

---

[1] The case was transferred to the Amarillo Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

and proceed to the punishment stage of the trial. . . ." Tex. Code Crim. Proc. Ann. 44.29(b) (Vernon Supp. 2007). In *McNatt v. State*, 188 S.W.3d 198 (Tex. Crim. App. 2006), the court addressed the identical issue raised by Appellant in this case. The court of appeals remanded the case for a new punishment hearing, because in the punishment phase of the original trial, the trial court admitted evidence of a prior conviction for enhancement although the State had failed to give the defense proper *Brooks* notice. The court of criminal appeals, however, held the court of appeals erred in directing that, at the new hearing, the State would be barred from giving proper notice of the conviction and then using it in evidence. *McNatt*, 188 S.W.3d at 204. "[T]he State is free to use a prior conviction for enhancement if proper notice of its intent to do so is conveyed with respect to the new punishment hearing." *Id.*

Appellant acknowledges the holding in *McNatt*, but he argues that it was wrongly decided. We conclude, however, that under the relevant statutes and governing case law, the State on remand was not forbidden from giving proper notice and using the prior convictions for enhancement. The trial court did not err in sentencing Appellant as an habitual offender. Appellant's first issue is overruled.

SUFFICIENCY OF THE EVIDENCE OF PRIOR CONVICTION

In his second issue, Appellant contends that the evidence is legally insufficient to show that he was twice previously convicted of a felony offense. Appellant claims the State failed to prove that he was the person convicted for possession of a controlled substance in cause number 1-91-447.

**Standard of Review and Applicable Law**

The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); *see also Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).

The State has the burden of proving prior convictions alleged for the purpose of enhancement of punishment by proof beyond a reasonable doubt. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2007). This burden includes proving that the appellant is the same person

3

convicted of the prior felony. *Rios v. State*, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977). To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove both of these elements in several ways including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921-22. These methods are not exclusive, however; whether sufficient links are present is determined on a case by case basis. *Human v. State*, 749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988). "[T]he most common method of proving identity is by fingerprint comparison. This method usually entails taking the fingerprints of the defendant during trial." 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.148 (2d ed. 2001).

## Discussion

Investigator Donald Malmstrom testified that he took Appellant's fingerprints on the morning of the punishment hearing, and the fingerprint cards with Appellant's fingerprints were introduced into evidence as State's Exhibit A. Officer Malmstrom testified that the fingerprint in State's Exhibit C, a certified copy of the file in Cause No. 1-91-447, was not a usable fingerprint for comparison purposes. However, Officer Malmstrom told the court that he was able to look at the original court file in cause number 1-91-447 and State's Exhibit D, the bail bond sheet from the same cause number, which bore a usable fingerprint.

Officer Malmstrom testified that based on a review of the documents and a comparison of the fingerprints on State's Exhibits A and D, he was able to determine that the fingerprint in cause number 1-91-447 was Appellant's. This constitutes legally sufficient evidence that Appellant is the same person as Demarcus Lewis convicted in cause number 1-91-447.

Appellant argues that Exhibit C is the State's only evidence linking him to cause number 1-91-447. The record reflects, however, that State's Exhibit D was introduced in evidence. Appellant's second issue is overruled.

**DISPOSITION**

The judgment of the trial court is ***affirmed***.

   BILL BASS   

Justice

Opinion delivered July 23, 2008.

*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)