NO. 12-08-00051-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DEMARCUS LAMOND LEWIS,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant, Demarcus Lamond Lewis, appeals his sentence for possession of one gram or
more but less than four grams of a controlled substance, a third degree felony. In two issues,
Appellant contends his sentence is outside the appropriate range of punishment and the evidence is
legally insufficient to show that he was twice previously convicted of a felony offense. We affirm.




Procedural Background


 Appellant was charged by indictment with the possession of one gram or more but less than
four grams of a controlled substance, a third degree felony. Before trial, the State filed a Notice of
Intent to Seek Higher Punishment Based on Prior Convictions pursuant to Brooks v. State, 957
S.W.2d 30 (Tex. Crim. App. 1997) ("Brooks notice") alleging that Appellant had two felony
convictions the State would use to enhance the punishment range to a term of not more than ninety-nine years or less than twenty-five years. See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp.
2007).

 The trial court convicted Appellant on his plea of guilty. Appellant pleaded true to the
enhancement allegations, and the trial court assessed his punishment at imprisonment for forty years. 
The Amarillo Court of Appeals affirmed his conviction. (1)

 Appellant filed an application for writ of habeas corpus. In Ex parte Lewis, No. AP-75,568,
2006 WL 3691265 (Tex. Crim. App. Dec. 13, 2006) (per curiam) (not designated for publication),
the court of criminal appeals held that the Brooks notice to Appellant was not adequate to support
enhancement to habitual offender status since the notice did not properly allege that Appellant
committed one of the two offenses after the conviction for the other had become final. The court
granted relief and remanded the case for a new assessment of punishment.

 Prior to Appellant's new punishment hearing, the State filed another Brooks notice correcting
the errors in the original notice. Appellant filed a written objection to this notice. At the second
punishment hearing, Appellant pleaded not true to the enhancement allegations. The trial court
found the enhancement allegations to be true and assessed Appellant's punishment at imprisonment
for forty years.


Appropriate Range of Punishment on Remand


 In his first issue, Appellant claims "the trial court erred in sentencing Appellant outside the
appropriate range of punishment." Appellant relies on the opinion of the court of criminal appeals
in which the court stated that although the Brooks notice was not adequate to support enhancement
to habitual offender status, the notice was "adequate to allege enhancement pursuant to Section
12.42(a)(3) of the Texas Penal Code." Id., at *1. The court, Appellant argues, remanded the case
for a new assessment of punishment, not a new punishment hearing. In Appellant's view, the trial
court was restricted to the range of punishment for second degree felonies and erred in allowing the
filing of an amended Brooks notice, conducting a new punishment hearing, and sentencing Appellant
as an habitual offender.

Applicable Law

 If a court grants a new trial based only on errors made at the punishment stage of the trial,
"the cause shall stand as it would have stood in case the new trial had been granted by the court
below, except that the court shall commence the new trial as if a finding of guilt had been returned
and proceed to the punishment stage of the trial. . . ." Tex. Code Crim. Proc. Ann. 44.29(b)
(Vernon Supp. 2007). In McNatt v. State, 188 S.W.3d 198 (Tex. Crim. App. 2006), the court
addressed the identical issue raised by Appellant in this case. The court of appeals remanded the
case for a new punishment hearing, because in the punishment phase of the original trial, the trial
court admitted evidence of a prior conviction for enhancement although the State had failed to give
the defense proper Brooks notice. The court of criminal appeals, however, held the court of appeals
erred in directing that, at the new hearing, the State would be barred from giving proper notice of the
conviction and then using it in evidence. McNatt, 188 S.W.3d at 204. "[T]he State is free to use a
prior conviction for enhancement if proper notice of its intent to do so is conveyed with respect to
the new punishment hearing." Id.

 Appellant acknowledges the holding in McNatt, but he argues that it was wrongly decided. 
We conclude, however, that under the relevant statutes and governing case law, the State on remand
was not forbidden from giving proper notice and using the prior convictions for enhancement. The
trial court did not err in sentencing Appellant as an habitual offender. Appellant's first issue is
overruled. 


Sufficiency of the Evidence of Prior Conviction


 In his second issue, Appellant contends that the evidence is legally insufficient to show that
he was twice previously convicted of a felony offense. Appellant claims the State failed to prove
that he was the person convicted for possession of a controlled substance in cause number 1-91-447.

Standard of Review and Applicable Law

 The standard for reviewing a legal sufficiency challenge is whether, viewing the evidence in
the light most favorable to the jury's verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317-18, 99
S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); see also Sanders v. State, 119 S.W.3d 818, 820 (Tex.
Crim. App. 2003). 

 The State has the burden of proving prior convictions alleged for the purpose of enhancement
of punishment by proof beyond a reasonable doubt. Tex. Code Crim. Proc. Ann. art. 37.07
§ 3(a)(1) (Vernon Supp. 2007). This burden includes proving that the appellant is the same person
convicted of the prior felony. Rios v. State, 557 S.W.2d 87, 92 (Tex. Crim. App. 1977). To
establish that a defendant has been convicted of a prior offense, the State must prove beyond a
reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. 
Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). The State may prove both of these
elements in several ways including (1) the defendant's admission or stipulation, (2) testimony by a
person who was present when the person was convicted of the specified crime and can identify the
defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient
information to establish both the existence of a prior conviction and the defendant's identity as the
person convicted. Id. at 921-22. These methods are not exclusive, however; whether sufficient links
are present is determined on a case by case basis. Human v. State, 749 S.W.2d 832, 835-36 (Tex.
Crim. App. 1988). "[T]he most common method of proving identity is by fingerprint comparison. 
This method usually entails taking the fingerprints of the defendant during trial." 43 George E. Dix
& Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.148 (2d ed.
2001).

Discussion

 Investigator Donald Malmstrom testified that he took Appellant's fingerprints on the morning
of the punishment hearing, and the fingerprint cards with Appellant's fingerprints were introduced
into evidence as State's Exhibit A. Officer Malmstrom testified that the fingerprint in State's
Exhibit C, a certified copy of the file in Cause No. 1-91-447, was not a usable fingerprint for
comparison purposes. However, Officer Malmstrom told the court that he was able to look at the
original court file in cause number 1-91-447 and State's Exhibit D, the bail bond sheet from the same
cause number, which bore a usable fingerprint.

 Officer Malmstrom testified that based on a review of the documents and a comparison of
the fingerprints on State's Exhibits A and D, he was able to determine that the fingerprint in cause
number 1-91-447 was Appellant's. This constitutes legally sufficient evidence that Appellant is the
same person as Demarcus Lewis convicted in cause number 1-91-447.

 Appellant argues that Exhibit C is the State's only evidence linking him to cause number 1-91-447. The record reflects, however, that State's Exhibit D was introduced in evidence. 
Appellant's second issue is overruled.


Disposition


 The judgment of the trial court is affirmed.


 BILL BASS 

 Justice






Opinion delivered July 23, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.


























(DO NOT PUBLISH)
1. The case was transferred to the Amarillo Court of Appeals pursuant to a docket equalization order issued
by the Texas Supreme Court. See Tex. Gov't Code Ann. § 73.001 (Vernon 2005).