ACCEPTED
06-14-00138-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/2/2015 4:18:30 PM
DEBBIE AUTREY
CLERK

## No. 06-14-00138-CR

## IN THE COURT OF APPEALS

### FOR THE

### SIXTH JUDICIAL DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/2/2015 4:18:30 PM
DEBBIE AUTREY
Clerk

### JAMIE LEE BLEDSOE

**Appellant**

**V**

### THE STATE OF TEXAS

**Appellee**

## APPEALED FROM THE 71st DISTRICT COURT

## HARRISON COUNTY, TEXAS

## TRIAL COURT CAUSE #12-0374X

## BRIEF OF STATE

COKE SOLOMON
CRIMINAL DISTRICT ATTORNEY
HARRISON COUNTY, TEXAS
P.O. BOX 776
MARSHALL, TEXAS 75671
(903) 935-8408

BY:   SHAWN ERIC CONNALLY
ASSISTANT CRIMINAL DISTRICT ATTORNEY
BAR #24051899
ATTORNEY FOR THE STATE

**APPELLEE REQUESTS ORAL ARUGMENT**

i

JAMIE LEE BLEDSOE
Appellant

V

THE STATE OF TEXAS
Appellee

_____

**NAMES OF ALL PARTIES AND ATTORNEYS**
_____

The names and identifying information of all parties and attorneys were correctly stated in Appellant's brief, except for the following correction:

Ebb Mobley was Bledsoe's Original Appellate Counsel, not trial counsel. Mr. Bledsoe represented himself *Pro Se* at trial.

# TABLE OF CONTENTS

NAMES OF ALL PARTIES AND ATTORNEYS ................................................... ii

INDEX OF AUTHORITIES ........................................................................ iv

PRELIMINARY STATEMENT OF THE NATURE OF THE CASE .................... 1

       STATE'S REPLY ISSUE ONE: ……………………………….……1

STATEMENT OF THE FACTS .................................................................. 3

ARGUMENTS AND AUTHORITIESREPLY ISSUE ONE .................................. 3

PRAYER .............................................................................................. 12

CERTIFICATE OF SERVICE .................................................................. 12

**INDEX OF AUTHORITIES**

**CASES:**

*Ex Parte Parrott*, 396 S.W.3d 531 (Tex.Crim.App 2013)………...………….…2, 7-8

*Jordan v. State*, 256 S.W.3d 286 (Tex.Crim.App. 2008)………………...…2, 5-6

*Diaz v. State* (Tex.App.-Houston [1ˢᵗ Dist] *unpublished opinion*, June 18, 2015)…………………………………………………………………….………2, 6-7

*Wilkerson v. State*, 391 S.W.3d 190, (Tex.App.Eastland 2012)…………..……..2, 7

*Marshall v. State*, 210 S.W.3d 618, (Tex.Crim.App. 2006)………………….……3

*Ex parte Rich*, 194 S.W.3d 508, 511 (Tex.Crim.App. 2006)……………....…3, 8

*Samaripas v. State*, 454 S.W.3d 1 (Tex.Crim.App.2014)………………….……4-5

*Taylor v State*, 462 S.W.3d 223 (Tex.App.-Houston [1ˢᵗ Dist.] 2015)…………...4-5

*Polen v. State* (Tex.App.Waco *unpublished opinion,* Feb. 13, 2014)……………...7

*Wright v. State* (Tex.App.Dallas *unpublished opinion*, Aug. 4, 2015)……………..8

*Como v. State* (Tex.App.Beaumont, *unpublished opinion*, June 26, 2013)……...8-9

*Pelache v. State*, 324 S.W.3d 568, 577 (Tex.Crim.App. 2010)……………...…10

*McNatt v. State*, 188 S.W.3d 198, 202-203 (Tex.Crim.App.2006)………..………11

**STATUTES AND AMENDMENTS:**

TEXAS PENAL CODE SEC. 30.02(c)(1)…………………………...……………4

TEXAS PENAL CODE SEC. 12.35 (a) and (b)…………………………..……4

TEXAS PENAL CODE SEC. 12.425(b)………………………...…………4-5, 7

**PRELIMINARY STATEMENT OF THE NATURE OF THE CASE**

Appellant's preliminary statement of the case is correct in his brief.

**STATE'S REPLY ISSUE ONE**

The state concedes error that cause #08-0177X (state's exhibit 50) should not have been used for enhancement purposes of the appellant's current charge under Texas Penal Code 12.425(b). While the enhancement allegation in #08-0177X was ultimately "punished" as a second degree felony, it was still a state jail felony "punishable" under sec. 12.35 of the Texas Penal Code for purposes of enhancement and did not lose its character as a state jail felony conviction after enhancement.

Counsel's appellate brief argues the case should be remanded to the trial court for a new punishment trial for sentencing limited to the state jail felony punishment range, the state disagrees with this remedy.

The state contends (with full disclosure of the difficult mountain it has to climb) that it can be argued that Appellant was not harmed by the above conceded error, because the state also presented evidence other final felony convictions that could have properly been used for enhancement under sec. 12.425(b) under the reasoning adopted by the Court of Criminal Appeals in

1

*Ex Parte Parrott*, 396 S.W.3d 531 (Tex.Crim.App 2013) and two unpublished cases from Texas courts of appeals interpreting *Parrott*; because in the current case Appellant: was aware he was subject to enhancement, was not surprised by the introduction of all his prior convictions, did not object to the introduction of all of his priors, and admitted to the jury during the punishment trial that all of his prior convictions were true. However, *Parrott* dealt with a writ of habeas corpus illegal sentence claim and not a direct appeal as to the sufficiency of the evidence of the enhancement allegations as in *Jordan v. State*, 256 S.W.3d 286 (Tex.Crim.App. 2008) and as such Appellant's case may be distinguishable from *Parrott* and more akin to *Jordan*.

Based on the *Jordan* opinion and how Texas courts of appeals have interpreted *Jordan* (*see Diaz v. State*, (Tex.App.Dallas *unpublished opinion*, June 18, 2015))(*see also Wilkerson v. State*, 391 S.W.3d 190, (Tex.App.Eastland 2012)) this Court might agree that a showing of harm is unnecessary on direct appeal once error is found due to insufficient evidence to support an enhancement allegation and Appellant is entitled to a new punishment trial.

Should this court agree the Appellant is entitled to relief, the proper remedy in this case is to grant relief and remand proceedings to the trial court only for a new punishment trial in which the state has the option to again enhance punishment to a second degree felony, assuming the evidence introduced at the new punishment trial is two final non-state jail felony convictions in sequence, after proper notice is given to the appellant.

The state does not address any of Appellant's *pro se* brief arguments since Appellant is not entitled to dual or hybrid representation once Appellant's counsel files an appellate brief on his behalf. *see Marshall v. State*, 210 S.W.3d 618, (Tex.Crim.App. 2006).

## STATEMENT OF THE FACTS

Appellant's statement of facts is correct in his brief.

## ARGUMENTS AND AUTHORITIES REPLY ISSUE ONE

The state concedes error in using #08-0177X (state's exhibit 50) in order to enhance Appellant's current sentence. Appellant in his brief correctly states the law that an illegal sentence may be challenged at any time. *see Ex parte Rich*, 194 S.W.3d 508, 511 (Tex.Crim.App. 2006). Appellant also correctly stated in his brief

that the Appellant was charged with the state jail felony offense of Burglary of a

Building pursuant to Sec. 30.02(c)(1) of the Texas Penal Code and that normally

the punishment range pursuant for a state jail felony is by confinement in a state

jail for any term of not more than two years or less than 180 days, and a fine not to

exceed $10,000. TEXAS PENAL CODE SEC. 12.35 (a) and (b). The state gave

notice of its intent to enhance Appellant's sentence. (CR Vol. 1, p. 138) Sec.

12.425 (b) provides as follows:

> "If it is shown on the trial of a state jail felony punishable under Section
> 12.35(a) that the defendant has previously been convicted of two felonies
> other than a state jail felony punishable under Section 12.35(a), and the
> second previous felony conviction is for an offense that occurred subsequent
> to the first previous conviction having become final, on conviction the
> defendant shall be punished for a felony of the second degree." TEXAS
> PENAL CODE § 12.425(b)

One of the priors listed in the state's notice of enhancement is cause

#08-0177X (state's exhibit 50). State's exhibit 50 is a judgment of conviction for

Burglary of a Building, a state jail felony that was enhanced to a 2nd degree felony

punishment range because of two prior final felony convictions.

According to the decisions reached in *Samaripas v. State*, 454 S.W.3d 1

(Tex.Crim.App.2014) and from the Houston Court of Appeals in *Taylor v State*,

462 S.W.3d 223 (Tex.App.-Houston [1st Dist.] 2015), it was improper to use

Appellant's conviction in #08-0177X in order to enhance the Appellant's current

charge to a second degree felony punishment range. While those two cases involve interpreting TEXAS PENAL CODE 12.42(d), the state concedes that identical statutory language is used in 12.425(b). The plain language of the statute in Penal Code 12.425(b) makes it clear that only felonies "other than state jail felonies punishable under 12.35(a)" are eligible for enhancement under 12.425(b). While Appellant's prior conviction in #08-0177X was in the end "punished" as a 2nd degree felony, it was nonetheless "punishable" under 12.35(a) when that prosecution began and did not lose its character as a state jail felony conviction after the punishment range had been enhanced. (*Samaripas* at 7-8).

The Court of Criminal Appeals in *Samaripas* addressed this exact point in its footnotes and points out the significant difference between the words "punished" and "punishable", noting that under the current wording of the statute, it would be improper to use an offense that was "punishable" under 12.35(a) to enhance a defendant under the current version of TEXAS PENAL CODE 12.42(d). (*see Samaripas* at 8, footnote 5) The *Taylor* court reached the same conclusion applying the *Samaripas* decision.

In *Jordan*, the appellant appealed his conviction based on the sufficiency of the evidence to prove the finality of his prior convictions. The state concedes that in *Jordan*, the Court of Criminal Appeals clearly states that "the state's failure to

5

meet its evidentiary burden with respect to habitual offender enhancement 'can never be deemed harmless' " *Jordan*, 256 S.W.3d at 292. Leaving the state no other option but to conclude that it is not necessary to show harm in order to be entitled to a new punishment hearing when an improper enhancement allegation is found to be error. However, it should be noted that in *Jordan*, the state did not offer any evidence of any other prior convictions that could have properly been used to enhance the sentence.

The Court of Appeals in Dallas in *Diaz v. State* (Tex.App.-Houston [1ˢᵗ Dist] *unpublished opinion*, June 18, 2015), involved a defendant who was enhanced with two prior felony convictions under 12.42(d). In *Diaz*, the second felony offense alleged should not have been used to enhance the punishment range because the second offense was actually "committed" six months before Diaz was "convicted" of the first felony alleged. *Diaz* at 3. (Meaning that the neither the first nor the second felony conviction alleged was final prior to the commission of the other) However, even though the defendant had other valid felony convictions that were introduced into evidence that could have been used to enhance the sentence, the Dallas Court of Appeals applied a very similar analysis to the *Jordan* case stating: "Nevertheless, whether the state could have properly alleged habitual offender enhancement, it is undisputed that it did not actually do so. And whether an error

6

may warrant habeas corpus relief is a separate question from the issue we must resolve here, which is whether we should undertake a harm analysis when this issue is raised on direct appeal" *Diaz* at 4. Summarizing that even if the state had other convictions admitted into evidence in which to enhance the sentence properly, it did not do so, concluding a further harm analysis was not required. *Id.* The Waco Court of Appeals in *Polen v. State* (Tex.App.Waco *unpublished opinion,* Feb. 13, 2014) also applied the *Jordan* standard in finding that a showing of harm is unnecessary on direct appeal of an improper enhancement. *Polen* at 2, footnote 1 (*see also Wilkerson v. State*, 391 S.W.3d 190, (Tex.App.Eastland 2012).

While *Samaripas*, *Jordan, Diaz, and Polen* involved the analysis of sec 12.42(d) of the Texas Penal Code, the state concedes the plain language of 12.425(b) is identical to 12.42(d) with regards to a "a felony other than a state jail felony punishable under 12.35" TEXAS PENAL CODE 12.425(b).

However, based on the reasoning of the *Ex parte Parrott* decision, it can be argued that a showing of harm is necessary before Appellant's conviction should be overturned. The Court of Criminal Appeals concluded in *Parrott* that an applicant must prove harm in order to obtain relief in a writ of habeas corpus premised on an illegal sentence claim. *Parrott* at 534. Two Texas Courts of Appeals have addressed the *Parrott* decision with similar facts to this case.

7

*Wright v. State* (Tex.App.Dallas *unpublished opinion*, Aug. 4, 2015) and *Como v. State* (Tex.App.Beaumont, *unpublished opinion*, June 26, 2013). In both cases, the courts of appeals cited to *Parrott* as authority on a direct appeal of an illegal sentence claim.

In *Wright*, the appellant argued he received an illegal sentence because he was given no notice of a prior conviction, did not plea true any allegations of a prior conviction, and the state did not otherwise prove he had a prior conviction. *Wright* at 2. In denying relief, the Dallas Court of Appeals held that a defendant must show his sentence was "actually illegal". *Id* (*citing Ex parte Rich*, 194 S.W.3d 508, 511 (Tex.Crim.App.2006) in order to be entitled to relief. And going on to say that "appellant's sentence was only illegal if the (prior) conviction was unavailable for enhancement." *Id* (*citing Ex parte Parrott*, 396 S.W.3d 531, 537-38 (Tex.CrimApp. 2013). In *Wright* the appellant never disputed that he had a prior conviction that would have been available for enhancement and never disputed that he was sentenced within the range of punishment had the state shown a prior conviction. *Id*.

Similar to the facts in *Wright*, in this case Appellant does not dispute that he had several appropriate prior final felony convictions for enhancement, and does not dispute that the range of punishment would have been correct had the

state alleged one of Appellant's many other final prior felony convictions for enhancement.

Furthermore, *Como v. State* (Tex.App.Beaumont, *unpublished opinion* 2013) presents similar facts before the court today. In *Como* there was an improper enhancement allegation that was used to enhance Como's sentence, but the state had other convictions that would have been proper to enhance the sentence. The state argued Como was not harmed by the error. However, the seminal issue distinguishing *Como* from the facts of this case is that in *Como*, no actual evidence was ever offered of Como's prior convictions that could have been used to properly enhance his sentence, therefore the appellate court was unable to consider evidence that was not part of the record on appeal. *Como* at 2-3. What makes Appellant's current case distinguishable is that the requisite prior convictions were introduced without objection and before the jury in deciding what punishment to assess and are part of the appellate record in this case. (RR Vol. 5, p. 10-11)(state's exhibits 50-55).

The state concedes it is well established in Texas law that unpublished cases are not authority on this court. However, guidance can be taken from such opinions. When looking at the entire record in this case the question this court is asked to answer is: where it is clear the Appellant was noticed his sentence would

be enhanced (CR Vol. 1, p. 138), was not surprised by the introduction of all his prior convictions (CR Vol. 1, p.124), did not object to their introduction (RR Vol. 5, p. 10-11), and even admitted to the jury that all of his prior convictions were true (RR Vol. 5, p. 9-10 and 24-25) but the conviction in #08-0177X was improperly used for enhancement, is it necessary that the Appellant show harm in order to be entitled to relief? The state, while not conceding, believes this Court will rule the answer to that question is no.

Should the Court decide in the alternative that a showing of harm is necessary in order to obtain relief, that state also contends that lack of proper enhancement notice of the other final felony convictions is not harmful error, nor is the Appellant not entering a plea of "true" or "not true" to any of his other prior felonies; since the appellant was not surprised by their introduction, was aware his criminal record was going to be discussed in punishment (CR Vol. 1, p.124), offered no objection to their introduction (RR Vol. 5, p. 10-11), and even gave a *de facto* plea of true to those allegations in his statements and arguments to the jury. (RR Vol. 5, p. 9-10 and 24-25) *see also Pelache v. State*, 324 S.W.3d 568, 577 (Tex.Crim.App. 2010) ("Under a due process analysis, the issue is "whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them.")

Should the court rule Appellant is not required to show harm in order to be entitled to relief; the proper remedy is to remand this cause to the trial court for a new punishment hearing. If this case is remanded for a new punishment trial, the state can file a new punishment enhancement under sec 12.425(b) of the Texas Penal Code alleging the appropriate non-state jail felony enhancements, enhancing the Appellant's sentence to a second degree felony. *see McNatt v. State*, 188 S.W.3d 198, 202-203 (Tex.Crim.App.2006).

## PRAYER

The state respectfully prays this Court affirm the verdict and judgment of the court below, and if not, remand for a new punishment trial in accordance with the law as set out in *McNatt v. State*.

Respectfully Submitted
Coke Solomon
Criminal District Attorney
Harrison County, Texas

By:    /s/ Shawn Eric Connally
        _____

Shawn Eric Connally
Assistant Criminal District Attorney
Bar #24051899

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of the Appellee has been sent to the attorney for Appellant, Bob Cole, on the 2nd day of October, 2015.

/s/ Shawn Eric Connally
_____
Shawn Eric Connally

## CERTIFICATE OF COMPLIANCE

I hereby certify compliance with T.R.A.P 9.4(i)(3), and that the number of words in this document is 2809.

/s/ Shawn Eric Connally
_____
Shawn Eric Connally