

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,562-02

## Ex Parte RICHARD DOTSON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1192825-B IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY, KEEL, and SLAUGHTER, JJ., joined.

Even assuming that Applicant's conviction would have been reversed on appeal if appellate counsel had raised the claim that one of the prior convictions that was actually used was ineligible, I would hold that, under the Supreme Court's decision in *Lockhart v. Fretwell*,[1] Applicant has suffered no prejudice because he has suffered no fundamental unfairness and giving him relief would result in a windfall.

In *Fretwell*, the defendant claimed that his trial counsel performed deficiently by failing to object to the use of a particular aggravating factor at the punishment stage of his death penalty trial.[2]

---

[1] 506 U.S. 364 (1993).

[2] *Id.* at 367.

The federal court of appeals held that prejudice had been established because, even though that court had later overturned the judicial rule that prohibited use of that aggravating factor, the rule had not yet been overturned at the time of trial, and the trial court would have sustained the objection if it had been made.[3] The Supreme Court reversed, holding that "focusing solely on mere outcome determination," in a prejudice analysis, "without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[4] Under *Strickland v. Washington*,[5] setting aside a sentence "solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."[6]

In Applicant's case, one of the prior convictions that was pled did not support the sentencing enhancement used at punishment, but Applicant had other prior convictions that would have supported that enhancement. For this reason, *Ex parte Parrott* bars Applicant from prevailing on a freestanding illegal-sentence claim on habeas corpus because the other prior convictions mean that Applicant suffered no harm, since his sentence was supported by his actual criminal history.[7] Applicant also cannot prevail on a claim that trial counsel was ineffective because, had trial counsel pointed out that one of the convictions was ineligible, the State would have substituted an eligible conviction for the ineligible one that was used, and so Applicant suffered no prejudice, because the

---

[3] *Id.* at 368.

[4] *Id.* at 369.

[5] 466 U.S. 668 (1984).

[6] *Fretwell*, 506 U.S. at 369.

[7] 396 S.W.3d 531, 536-37 (Tex. Crim. App. 2013).

outcome of the sentencing proceeding would not have been different.[8] Applicant seeks to avoid a no-prejudice finding by dismissing his claim of ineffective assistance of trial counsel and pleading his claim as one of ineffective assistance of *appellate* counsel. But his inability to show prejudice for a freestanding habeas claim or a trial-level ineffective-assistance claim points to the lack of fundamental unfairness with respect to the enhancement issue, however it is presented: because his actual criminal history supports the enhancement, any defect in pleading the enhancement is not prejudicial. Moreover, if appellate counsel had raised the issue on appeal and obtained a reversal, the only remedy would have been a new sentencing hearing at which the State could then offer the eligible prior convictions for enhancement, affording the exact same punishment range available at the original trial.[9] There is no reason to think that his sentence in such a new sentencing proceeding—where the exact same level of enhancement and punishment range would be available —would be any different than the sentence he originally received.

As the Supreme Court said in *Fretwell*, "The result of the sentencing proceeding in the present case was neither unfair nor unreliable."[10] Because Applicant's actual criminal history supports the enhancement that he was subjected to and the punishment range under which he was punished, he has suffered no fundamental unfairness. A new punishment hearing with the same punishment range would just be a second bite at the apple, and as such, a windfall. Consequently,

---

[8] *See Pelache v. State*, 324 S.W.3d 568, 576-78 (Tex. Crim. App. 2010) (notice of sentencing enhancement could be given at the sentencing stage of trial without violating due process).

[9] *See McNatt v. State*, 188 S.W.3d 198, 203-04 (Tex. Crim. App. 2006) (reversal on the basis of untimely enhancement notice at initial trial does not preclude use of prior conviction for enhancement in new sentencing hearing).

[10] *Fretwell*, 506 U.S. at 371.

under *Fretwell*, prejudice has not been shown.

      I respectfully dissent.

Filed: March 16, 2022

Publish